[Civ. No. 943. Second Appellate District.—May 5, 1911.]

## M. A. REEVES, Respondent, v. ABBOT KINNEY, Appellant.

ACTION FOR REFRESHMENTS FURNISHED TO OTHERS AT DEFENDANT'S RE-QUEST—FINDING SUPPORTED BY EVIDENCE.—In this action by plaintiff against defendant for refreshments furnished at a club-house to other designated parties at defendant's request and promise to pay therefor, it is held that a finding of performance on the part of the plaintiff, and of defendant's promise to pay therefor, is supported by evidence of such performance and promise, and that defendant agreed to pay the bill when presented, and never disputed the same, but failed to make the payment promised.

ID.—CONFLICT OF TESTIMONY—ORDER DENYING NEW TRIAL.—The fact that the testimony of the plaintiff is contradicted by the defendant constitutes no ground for reversing the order of the court in denying a new trial to the defendant.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Gurney E. Newlin, and Roy V. Reppy, for Appellant.

Anderson & Anderson, for Respondent.

SHAW, J.—Action to recover for services alleged to have been rendered at the special instance and request of defendant. Judgment went for plaintiff. Defendant appeals from an order of court denying his motion for a new trial. His sole contention is that the finding of the court is not supported by the evidence.

The evidence clearly supports the finding. It tends to prove that plaintiff, while in charge of the Country Clubhouse at Ocean Park and conducting a restaurant in connection therewith, was requested by defendant to furnish to the members of certain designated parties accustomed to gather at said club-house lunches and such refreshments as they might require, the actual cost of which should be charged to defendant, who promised and agreed to pay the same each

month; that plaintiff performed the services and furnished the refreshments so requested, charging therefor actual cost; that she rendered defendant a final statement of account in the sum of $525.70, which was the actual cost to her of furnishing said lunches and refreshments, and requested him to pay the amount thereof, which he agreed to pay on the following Saturday, but failed to do so, promising it at a future date. Defendant never disputed the bill, but failed to pay the same. The fact that the testimony of the plaintiff is contradicted by defendant constitutes no ground for reversing the order of the court in denying a new trial.

There is no merit in the appeal, and the order is affirmed.

Allen, P. J., and James, J., concurred.